## JONES *v.* BERRY.

The statute which subjects to a penalty "every pedlar or other person going from place to place, *carrying to sell,* or *exposing for sale,* any goods without license," does not render illegal a sale made by such pedlar or other person without license, and the price of goods thus sold may be recovered by suit.

ASSUMPSIT, for a cooking-stove sold and delivered.

Plea, the general issue.

It appeared in evidence upon the trial that the plaintiff, being a dealer in stoves, residing and having his place of business in Portsmouth, employed one Marden at a stipulated price per year for his services, to carry out and sell stoves as a pedlar on the plaintiff's account; and the plaintiff's evidence tended to show that Marden sold the stove in question to the defendant, while the defendant's tended to show that the stove was not sold, but left with him for trial, and this was the principal fact in controversy between the parties.

The defendant objected that if a sale was made, the plaintiff was not entitled to recover, it appearing that the stove was manufactured in the State of New-York, and there being no evidence that either the plaintiff or Marden had a pedlar's license; but the court held that a want of such license did not vitiate the sale, if one was made, so as to bar the plaintiff from recovering; to which the defendant excepted.

Jones *v.* Berry.

The jury returned a verdict for the plaintiff, which the defendant moves to set aside.

*W. H. Y. Hackett,* for the defendant, referred the court to the first section of chapter 130 of the Compiled Statutes, and cited *Favor* v. *Philbrick,* 7 N. H. 326 ; *Pray* v. *Burbank,* 12 N. H. 267 ; *Williams* v. *Tappan,* 3 Foster 385 ; *Brackett* v. *Hoitt,* 9 Foster 264.

*Hatch,* for the plaintiff, contended that there was no illegality in the sale of the stove, as the statute prohibits, not sales by pedlars, but the " going about to sell," and " exposing for sale," and that this case is within the principle settled in *Williams* v. *Tappan,* and *Brackett* v. *Hoitt,* cited by the defendant ; that the statute is studiously worded to prevent the injustice the defendant seeks to accomplish.

SAWYER, J. The exception to the verdict in this case is founded on the supposition that the sale by a pedlar without license is prohibited by the statute of 1848, chap. 734, entitled " an act relating to pedlars." The act provides that every pedlar, or other person going from place to place, either on foot or with a horse, or otherwise, carrying to sell, or exposing for sale, any goods, &c., without license, shall be punished by fine, &c. Comp. Stat. 281. Whatever the acts may be which are thus declared subject to the penalty, they are to be considered as prohibited, and the question is, what is it that is thus prohibited, the sale ? or the carrying to sell, and exposing for sale, only ? In *Williams* v. *Tappan,* 3 Foster 385, assumpsit was brought to recover the price of shingles sold in Massachusetts. By the law of that State, in force at the time of the sale, all shingles made in the State, or offered for sale, were required to be sur veyed and branded in a specified manner, and all shingles *offered* for sale without being thus surveyed and branded, were to be forfeited to the use of the town where they might be so offered. It was held that " offering to sell" was not necessarily included

Jones *v.* Berry.

in a sale, as a sale might be made without an offer to sell, and that, therefore, the sale was not to be considered as prohibited.

In *Brackett* v. *Hoitt*, 9 Foster 264, a similar question arose under the statute of this State relating to the sale of hay. Rev. Stat., chap. 107, secs. 1 and 2. These sections provide that all pressed hay, offered for sale in this State, shall be branded in a specified manner, and prescribe a penalty for offering to sell pressed hay not so branded. This action was also brought to recover the price of the article sold, and the exception was taken that the sale was prohibited. It was held, however, that it was the offer to sell and not the sale which was prohibited. The grounds of the decision in Williams *v.* Tappan were carefully reviewed, and the doctrine of that case was fully affirmed. Those cases are decisive of this. The statute relating to pedlars declares, not that every pedlar, or other person, going from place to place, *selling*, &c., shall be liable to the penalty, but *carrying* to sell, or *exposing* for sale. The prohibition of the statute, like the others referred to, is against the carrying to sell and exposing for sale, and against the sale itself. Those are no more necessarily implied in a sale than is the " offering to sell ;" and the case finds only that the stove was sold, if sold at all, by a pedlar, without license. These statutes, being all penal in their character, are to be construed strictly. The fair and obvious meaning of the words is undoubtedly to be given to them, and the intention of the legislature, as expressed, is to be carried into effect ; but they are not to be strained to embrace by implication subjects not clearly within the obvious meaning of the terms employed.

We are satisfied with the soundness of the views expressed in the cases referred to, and can perceive no ground of distinction between those cases and this.

*Judgment on the verdict.*